IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01057-LTB-KLM

JOHN HENRY SLAUGHTER,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 3; Filed May 7, 2010] filed by John Henry Slaughter ("Applicant"). Respondent filed a Response to the Order to Show Cause on July 15, 2010 [Docket No. 17] ("Answer Brief"). Applicant did not file a Traverse. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, this matter was referred to the Court on May 12, 2011 for a recommendation [Docket No. 19]. For the reasons set forth below, the Court recommends that the Application be **DENIED**.

### I. Statement of the Case

At the time when Applicant filed his Application, he was a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado ("USP-Florence"). *Application* [#3] at 1. In the Application, Applicant raises one claim for habeas relief, namely that his federal sentence should have been credited with approximately nine months of additional time served in federal and state custody prior to the service of the

federal sentence for which he is presently incarcerated.  *Id.* at 4.

Specifically, while Applicant was in the custody of the State of Washington serving time on a state sentence for possession of cocaine and domestic assault,[1] a Writ of Habeas Corpus Ad Prosequendum (the "Writ") was issued for Applicant to answer to cocaine distribution charges in federal court.  *See Affidavit* [#17-1] at 3 and att. 3.  The Writ was executed on August 26, 2005, and the United States Marshal Service ("U.S. Marshal") took temporary custody of Applicant.  *Id.* and att. 4.  Applicant was arraigned on the federal charges on September 1, 2005.  *Id.* at 3-4 and att. 3.  Pursuant to the Writ, the U.S. Marshal maintained custody of Applicant until after his sentencing on the federal charges.  *Id.* at 4  and att. 5.  Applicant received a federal sentence of one-hundred months.  *Id.* and att. 6.  The federal sentencing court did not order that the federal sentence run concurrent to Applicant's previously imposed state sentence, and Applicant was returned to state custody on March 23, 2006.  *Id.* and atts. 5, 6.  The State of Washington released Applicant on May 15, 2006,[2] and the U.S. Marshal took custody of Applicant on the same day to begin service of his federal sentence.  *Id.* and atts. 5, 7.

Applicant seeks to have time credited toward his federal sentence from the date he

---

[1] The state sentence was imposed on May 11, 2005, and included a one-year-plus-one-day sentence for the drug possession charges and a twenty-two month sentence for the assault charges.  The sentences were to run concurrently.  *Affidavit* [#17-1] at 2-3 and atts. 1, 2.  If served to their completion, Applicant would have been scheduled to be released on March 11, 2007.

[2] At that time, Applicant had served one year, three months and twelve days toward his completed one-year-plus-one-day sentence and his ongoing twenty-two month sentence.  *See Affidavit* [#17-1] at 4 and atts. 5, 7 (taking into account time Applicant spent in pretrial detention prior to his state sentence).

2

was taken into federal custody on the Writ, August 26, 2005,[3] to the date that his state sentence was terminated, May 15, 2006. *Id.* at 9. In his Answer Brief, Respondent argues that any time Applicant served in custody in advance of the U.S Marshal taking custody of him for service of his current federal sentence cannot be credited to him. *Answer Brief* [#17] at 4-7.

## II.  Standard of Review

Applicant is challenging the execution of his federal sentence pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Applicant is proceeding *pro se*, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the *pro se* party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

## III.  Analysis

As noted above, Applicant seeks to have his federal sentence credited for the time that he spent in federal custody on a Writ from August 26, 2005 to March 23, 2006 <u>and</u> the time that he spent in state custody after the imposition of his federal sentence, March 23,

---

[3] Although Applicant claims that the date he was taken into federal custody on the Writ was September 29, 2005, the date was actually August 26, 2005. *Compare Application* [#3] at 3-4, *with Answer Brief* [#17] at 3 & n.2. Because it is clear that the date Applicant was taken into federal custody on the Writ is the date from which Applicant maintains that his credit should begin to run, the Court refers to the earlier date.

3

2006 to May 15, 2006. In total, Applicant seeks approximately nine months of credit toward his federal sentence.

"The computation of a federal sentence requires consideration of two separate issues. Initially, [the Court] determine[s] the commencement date of the federal sentence and then turn[s] to the extent to which a defendant can receive credit for time spent in custody prior to commencement of [the] sentence." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citation omitted). As to when a federal sentence commences, Congress has enumerated that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Here, the date that Applicant's federal sentence commenced was May 15, 2006, the date that he was transferred from state to federal custody after completion of his state sentence. To the extent that Applicant's claim could be interpreted to suggest that his sentence began to run when he was taken into custody pursuant to the Writ, this argument has been repeatedly rejected by the Tenth Circuit. *See, e.g., Binford*, 436 F.3d at 1256 (holding that sentence begins to run when prisoner received into federal custody to serve federal sentence, not when he is transferred into federal custody from state custody pursuant to a Writ); *United States v. Welch*, 928 F.2d 915, 916 n.2 (10th Cir. 1991) (noting that assertion that federal sentence should begin to run on the date of the Writ is "without merit, having been rejected many times by this circuit"). In addition to being supported by the applicable statute, the Tenth Circuit's treatment of sentence commencement squares with the recognition that "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."

4

*Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002).  The State of Washington was the first sovereign to have custody of Applicant and, therefore, Applicant's federal sentence did not commence until the U.S. Marshal took custody of him after the completion of his state sentence on May 15, 2006.[4]

Nevertheless, Applicant may be entitled to receive credit toward his federal sentence for any time served in custody prior to May 15, 2006.  The amount of credit Applicant may be entitled to receive is governed by 18 U.S.C. § 3585(b).  Specifically, Applicant is entitled to prior custody credits

> for any time he has spent in official detention prior to the date the [federal] sentence commences–
>
> > (1)   as a result of the offense for which the sentence was imposed; or
> >
> > (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

The time Applicant spent in custody from August 26, 2005 to May 15, 2006 does not fall within either category of prior custody credits because such time was being credited toward Applicant's state sentence.  *See Affidavit* [#17-1] at 3, 6 and atts. 5, 7.  More specifically, during this time period, Applicant was not merely in custody awaiting conviction or sentencing.  He was in custody serving time on a state sentence which had already been

---

[4] Applicant's citation to *Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C. 1997) is inapposite.  First, it is not binding authority from this Circuit.  Further, the case did not involve custody on a Writ before the federal sentence was imposed but, rather, custody after the federal sentence was imposed.

imposed. As such, his time spent in federal custody pursuant to the Writ cannot be applied toward his federal sentence. Moreover, because the federal sentencing court did not order that Applicant's federal sentence run concurrently with his state sentence,[5] the time Applicant spent in state custody after his transfer back to the State of Washington has been credited toward his state sentence and is therefore precluded from being credited toward his federal sentence. *See* 18 U.S.C. § 3585(b).[6]

## IV. Conclusion

As set forth above, I respectfully **RECOMMEND** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and that this case be **DISMISSED with prejudice.**

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.

---

[5] Pursuant to 18 U.S.C. § 3584(a), "terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

[6] Given that Applicant is clearly not entitled to relief, the Court finds it unnecessary to address Respondent's alternative bases for denial of the Application. Further, the Court notes that the alternative bases pertain to arguments Applicant did not raise. *See Answer Brief* [#17] at 8-9.

*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:     May 16, 2011

                                                        BY THE COURT:

                                                        s/ Kristen L. Mix
                                                        U.S. Magistrate Judge
                                                        Kristen L. Mix